CECILIA M. SHEIL, Respondent, v. SAMAROGON REALTY CORPORATION, Appellant.
*Vendor and purchaser — marketable title — slight variation in boundaries does not make title unmarketable.*

Appeal from a judgment of the Supreme Court, entered in the Bronx county clerk's office on November 16, 1927.

PER CURIAM. Plaintiff's recovery of his deposit is predicated on the sole ground that it was impossible to locate the western boundary of the property. The testimony of defendant's witness Hickok is that when he made the original survey of the Stern property he placed in the earth iron stakes to indicate the course of the boundary line described as running along Stoney brook. That boundary line was conceded on the trial to be identical upon the Stern and Rooney maps, and while in fact there are slight variances, they are unessential. The testimony of plaintiff's surveyor Knox that a line run substantially in accordance with defendant's contention would encroach to the extent of only about seventy-five square feet on the Stern property, shows that the objection raised by the plaintiff was negligible in the face of the contract provisions that dimensions and distances are approximate " and shall not be construed as a means of rejection," and that the property was sold " subject to any state of facts an accurate survey may show." The willingness of the title company to insure a boundary line in accordance with the tendered deed was based upon a state of facts which in our judgment made this title good and marketable. The judgment appealed from should be reversed, with costs, and judgment rendered for the defendant, with costs. Present — Dowling, P. J., Merrell, Martin, O'Malley and Proskauer, JJ.; Martin, J., dissents. Judgment reversed, with costs, and judgment rendered for the defendant, with costs. Settle order on notice. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.